### J. and J. Read *against* Carson.

*BY the Court.*—From the Record it appears that the Court
below, before the trial term, made an order requiring the
plaintiff then to give security for costs by the next term, or
the suit would be dismissed ; the Record does not shew the
facts on which this order was predicated, or any applica-
tion to dismiss pursuant to it. Judgment appears to have
been rendered on the merits.

It is assigned as Error that the suit was not dismissed
pursuant to the order above mentioned. The plaintiffs in
Error relied on two sections of the Statutes which appear to
have been passed on the same day. Laws of Ala. p. 350,
s. 9—p. 455, s. 9, Acts of 1807. The Statutes authorize
the Court, if certain facts appear, to cause a suit to be dis-
missed. It is a summary mode of proceeding, and enough
should appear on the Record to shew the jurisdiction and
authority of the Court under the Statute. It should ap-
pear that the plaintiff resides without and the defendant with-
in the State. Then by the Statute first cited, 60 days' no-
tice to the plaintiff or his attorney is required. The Record
here shews none of these matters. From all that appears,
the Court below was not bound or authorized to dismiss
the suit ; nor does it appear that the application to dismiss
was then made.

Let the judgment be affirmed.
Coke's Rep. 267, 365.

3

NOVEMBER,
1820.

Henry
v.
Gamble and
Whitlow.

*November,*
1820.

Order requiring
security for
costs, the
grounds of
which do not
appear in the
Record, nor does
there appear a-
ny application to
the Court below
to dismiss ; fail-
ing to dismiss is
not Error.